NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NIA DARLING,

    Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

    Defendant-Appellee.

No.    22-35594

D.C. No. 4:21-cv-5109-RMP

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, District Judge, Presiding

Submitted June 9, 2023[**]
Seattle, Washington

Before: BEA and BRESS, Circuit Judges, and OHTA,[***] District Judge.

Appellant Nia Darling appeals the district court's affirmance of the

Commissioner of Social Security's denial of disability benefits. Because the parties

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Jinsook Ohta, United States District Judge for the Southern District of California, sitting by designation.

are familiar with the facts, we recount them only as necessary to our disposition of this appeal. We affirm.

We have jurisdiction under 28 U.S.C. § 1291. "We review a district court's judgment upholding the denial of social security benefits de novo" and "set aside a denial of benefits only if it is not supported by substantial evidence or is based on legal error." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (citation omitted). "Substantial evidence . . . is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (citation omitted). "Where the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be affirmed." *Id.* (cleaned up).

1.      Substantial evidence supports the Administrative Law Judge's ("ALJ") evaluations of Dr. Terilee Wingate's and Dr. Jon Anderson's opinions. "[T]he ALJ is responsible for translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015). The ALJ found Dr. Wingate's and Dr. Anderson's opinions substantially persuasive and incorporated the attention limitations that they identified into his assessment of Darling's Residual Functional Capacity ("RFC"). To the extent that the ALJ's RFC findings did not account for Dr. Wingate's comments that Darling's self-reported sensitivity to criticism "*could* impact her behavior at work," he did not err because

2

an ALJ need only incorporate "specific imperatives regarding a claimant's limitations," such as diagnoses and statements of functional capacity, "rather than recommendations." *See Rounds*, 807 F.3d at 1006; *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008) (finding ALJ did not err by relying on a doctor's "specific statement's regarding [the claimant's] limitations" rather than a "recommendation"). Additionally, the ALJ's finding that Darling was able to work with a supervisor was consistent with Dr. Wingate's opinion. To the extent that Dr. Wingate's opinion in this regard was less restrictive than Dr. Anderson's, the ALJ did not err by finding Dr. Wingate's opinion more persuasive because Dr. Wingate personally evaluated Darling and had a broader understanding of her medical history. *See* 20 C.F.R. § 404.1520c(b)(3), (c).

2.    In addition, substantial evidence supports the ALJ's evaluations of Dr. N.K. Marks's and Dr. David T. Morgan's medical opinions. In finding Dr. Marks's and Dr. Morgan's opinions unpersuasive, the ALJ properly considered the supportability and consistency factors under the revised regulations. 20 C.F.R. § 404.1520c(b)(1)–(2). Based on these factors, the ALJ permissibly concluded that Dr. Marks's opinion was internally inconsistent, as well as inconsistent with Darling's work history and reports to other medical sources. *See id.* § 404.1520c(c)(1)–(2); *see also Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) (noting that "[a]n ALJ may consider any work activity, including part-time work, in

3

determining whether a claimant is disabled"). The ALJ also permissibly concluded that Dr. Morgan's opinion was of limited value given his opinion that Darling's symptoms would only last ten months. *See Carmickle*, 533 F.3d at 1165 (affirming ALJ's finding that a physicians' short-term disability determination was not indicative of "claimant's long-term functioning"). The ALJ, thus, did not err in his evaluation of Dr. Marks's and Dr. Morgan's opinions.

3.    Substantial evidence supports the ALJ's effective rejection of the medical opinions of Dr. Holly Petaja, Dr. Eugene Kester, Dr. Aaron Burdge, and Advanced Registered Nurse Practitioner Kristine McMurray. An ALJ is not required to incant the "magic words" of "supportability" and "consistency" in his findings. *See Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989). For each of the four medical opinions, the ALJ separately rejected the sources on which the opinion was based or separately rejected the precise conclusions reached. Under these circumstances, where it is clear that the ALJ considered the opinions and made separate findings supported by substantial evidence which obviated the need for a full discussion of the medical opinions of these four practitioners, any lack of specificity in the ALJ's decision is harmless. *See, e.g., Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (holding ALJ did not err under previous regulations by failing to discuss a medical review that "was based on" a report that the ALJ did discuss).

4

4. Contrary to Darling's arguments, the ALJ's findings at Step 3 in the sequential evaluation process are supported by substantial evidence. The ALJ considered whether Darling met or equaled a listed impairment under paragraphs B and C and evaluated the relevant evidence in support of those conclusions throughout his opinion. *See Lewis v. Apfel*, 236 F.3d 503, 513 (9th Cir. 2001) (noting the law "requires an ALJ to discuss and evaluate the evidence that supports his or her conclusion; it does not specify that the ALJ must do so under the heading 'Findings.'"). Substantial evidence supports the ALJ's determination that Darling did not meet or equal any listing, including multiple medical opinions indicating Darling's functional abilities and Darling's own reports that she shopped, drove, took public transportation, moved states, and sought jobs. Accordingly, the record supports the ALJ's decision at Step 3.

4. The ALJ provided clear and convincing reasons to discount Darling's subjective symptoms testimony.[1] *See Smartt v. Kijakazi*, 53 F.4th 489, 497 (9th Cir. 2022) ("clear and convincing" standard); *Burch v. Barnhart*, 400 F.3d 676, 680–81 (9th Cir. 2005) (affirming an ALJ's credibility determination based on objective medical evidence and a claimant's daily activities). The ALJ cited medical evidence inconsistent with Darling's reports of symptom severity, treatment efficacy, and

---

[1] Because we find that the ALJ provided clear and convincing reasons for his credibility determination, we do not reach the parties' dispute regarding what standard applies.

longitudinal improvement. *See id.* The ALJ also pointed to one medical source's finding that Darling was malingering. Because the ALJ provided clear and convincing reasons for his credibility determination, there is no error.

5. The ALJ did not err at Step 5 in the sequential analysis. Darling argues that the ALJ's Step-5 analysis was flawed because he erred in the preceding steps by rejecting certain medical opinions, failing to properly consider paragraph B and C criteria, and disregarding her subjective symptom testimony. Because we have already determined that the ALJ did not err in these respects, we also affirm the ALJ's Step-5 determination. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175–76 (9th Cir. 2008).

**AFFIRMED**.